THIS OPINION HAS
 NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In 
 the Matter of the Care and Treatment of Kenneth Michael Outen, Appellant.
 
 
 

Appeal From York County
 James R. Barber, Circuit Court Judge
Unpublished Opinion No.  2008-UP-125
Submitted February 1, 2008  Filed
 February 20, 2008
AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, Assistant
 Attorney General R. Westmoreland Clarkson, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Kenneth Michael Outen appeals his
 commitment to the South Carolina Department of Mental Health (the Department) as
 a sexually violent predator. We affirm.[1]
FACTUAL / PROCEDURAL BACKGROUND
In 1987, Outen pled guilty in North Carolina to sexually
 assaulting his thirteen-year-old stepdaughter.  He was sentenced to four-and-one-half
 years imprisonment. 
In
 2001, Outen pled guilty in York County, South Carolina, to one count of a lewd
 act on a minor.  Outen admitted he molested an eleven-year-old female whom he
 babysat while her mother worked.  Outen molested the child for three to four
 years prior to the incident that led to his arrest.  
Prior to Outens scheduled release from prison,
 his case was referred to the sexually violent predator multi-disciplinary team because
 his conviction of lewd act on a minor is a qualifying offense under the
 Sexually Violent Predator Act (SVP Act).  See S.C. Code Ann. §
 44-48-30(2)(k) (Supp. 2006).  The multi-disciplinary team reviewed Outens
 case, determined he satisfied the definition of a sexually violent predator,
 and forwarded his case to the prosecutors review committee.  The prosecutors
 review committee agreed there was reason to believe Outen satisfied the
 criteria for commitment under the SVP Act.  The State then filed a
 petition in circuit court to commit Outen to the Department for care and
 treatment as a sexually violent predator.  After a hearing, the circuit
 court held probable cause existed to find Outen met the criteria for commitment
 and ordered that Outen be evaluated pursuant to the SVP Act. 
The
 matter was tried by a jury on October 11, 2005.  Dr. Pamela Crawford
 testified for the State.  She opined Outen suffered from nonexclusive
 pedophilia.  Dr. Crawford defined pedophilia as a lifelong mental abnormality
 that causes one to have repetitive thoughts, behaviors, or fantasies involving
 sexual encounters with prepubescent children.  She testified Outen has serious
 difficulty controlling his impulses and added, [Outens difficulty controlling
 his impulses] is manifested by not simply [the fact] that he molested this one
 child, . . . but also that he again, even after having been sentenced and [serving
 time in] prison, . . . molested another child over a period of years.  Dr.
 Crawford stated it was her medical opinion that there existed a likelihood
 Outen would re-offend against young girls.   She concluded Outen met the
 requirements to be considered a sexually violent predator. 
After the state presented its case, Outen moved for a directed
 verdict.  The circuit court denied the motion, finding the state presented
 evidence Outen met the criteria for commitment.  
Outen then presented the testimony of Dr. Thomas Martin.  He had
 conducted an independent evaluation of Outen.  Dr. Martin testified he
 diagnosed Outen as a pedophile.  He added the following factors increase
 the likelihood Outen would re-offend: (1) he had more than one victim; (2) his
 victims were similar ages; and (3) he molested the victims on multiple occasions.  Dr. Martin, however, opined Outen does not need to be confined in a
 secure facility for treatment.  Instead, Dr. Martin stated Outen is a
 very good candidate for out-patient treatment. 
At the close of all the evidence, Outen renewed his motion for a
 directed verdict.  The circuit court denied the motion, finding the State
 offered sufficient evidence to submit the case to the jury.  
The jury unanimously found Outen was a sexually violent predator
 under the SVP Act.  Outen then moved for a judgment notwithstanding the
 verdict or for a new trial.  The circuit court denied the motion, and
 ordered Outen committed to the Department of Mental Health.   Outen
 appeals.
LAW / ANALYSIS
Outen argues the trial court erred in
 denying his motion for a directed verdict because the State failed to present
 evidence beyond a reasonable doubt that Outen met the statutory definition of a
 sexually violent predator.  We disagree.
On an appeal from the trial courts denial of a motion for a directed
 verdict, the appellate court may only reverse the trial court if there is no
 evidence to support the trial courts ruling.  State v. Gaster, 349 S.C.
 545, 555, 564 S.E.2d 87, 92 (2002).  In ruling on a directed verdict motion,
 the trial court is concerned with the existence of evidence, not its weight.  Id.  
 
A sexually violent predator is defined in the SVP Act as a person
 who (a) has been convicted of a sexually violent offense; and (b) suffers from
 a mental abnormality or personality disorder that makes the person likely to
 engage in acts of sexual violence if not confined in a secure facility for
 long-term control, care, and treatment.  S.C. Code Ann. § 44-48-30(1) (Supp.
 2006).  Mental abnormality is defined as a mental condition affecting a
 persons emotional or volitional capacity that predisposes the person to commit
 sexually violent offenses.  S.C. Code Ann. § 44-48-30(3).  The phrase likely
 to engage in acts of sexual violence is defined as a propensity to commit
 acts of sexual violence . . . of such a degree as to pose a menace to the
 health and safety of others.  S.C. Code Ann. § 44-48-30(9).
Here, Outen pled guilty to committing a lewd act on a child, a
 sexually violent offense under the SVP Act.  See SC. Code Ann. §
 44-48-30 (2)(k).  Also, the record shows evidence Outen suffers from a mental
 abnormality or personality disorder, making him likely to engage in additional acts
 of sexual violence.   As set forth above, Dr. Crawford testified Outen suffers
 from pedophilia, which predisposes him to commit future acts of sexual
 violence.  Dr. Crawford opined Outen met the criteria for commitment under the
 SVP Act.  Also, Outens expert, Dr. Martin, diagnosed Outen as a
 pediphile in need of treatment.  Accordingly, the trial court did not err in
 denying Outens motion for a directed verdict.
AFFIRMED.
HEARN, C.J., PIEPER, J. and GOOLSBY, A.J.,
 concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.